UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

Eastern District of Kentucky
**FILED**

JUL 27 2017

AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

CRIMINAL ACTION NO. 5:17-CR-49-JMH

UNITED STATES OF AMERICA                                    PLAINTIFF

V.                          **PLEA AGREEMENT**

TRAMELL DEON YOUNG                                          DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to the sole count in the Indictment, charging a violation of 21 U.S.C. § 841(a)(1), possession with intent to distribute 28 grams or more of a mixture or substance containing a detectable amount of cocaine base (crack cocaine), a Schedule II controlled substance.

2. The essential elements of the sole count in the Indictment are:

(a) that the Defendant did possess with intent to distribute a measurable quantity of cocaine base, a Schedule II controlled substance, and

(b) that the Defendant did so knowingly and intentionally.

3. As to the sole count in the Indictment, the United States could prove the following facts that establish the essential elements of the offenses beyond a reasonable doubt, and the Defendant admits these facts:

(a) On February 8, 2017, detectives received information that Tramell Deon Young, a wanted subject, was staying at a residence on Ohio Street. At

approximately 2230 hours, officers observed Young exit the residence and enter a black Chevy Cobalt. A small SUV was parked directly in front of the Cobalt.

(b) As Young entered the vehicle, Detective Johnson, accompanied by Detective Shortridge, maneuvered an undercover police vehicle directly beside the Cobalt. Detective Pope, accompanied by several other narcotics detectives, then maneuvered a police SUV directly behind the Cobalt and activated the police SUV's emergency lights and sirens. Detectives then exited the police SUV and began giving Young loud verbal commands to exit the vehicle with his hands up. Young attempted to flee, ramming Detective Johnson's undercover police car with the Cobalt. Young's conduct manifested an extreme indifference to the value of human life and created a substantial danger of death or serious physical injury to the detectives on the scene.

(c) Detectives continued to give Young loud verbal commands to stop and exit the vehicle. Nevertheless, Young exited the passenger side door of the Cobalt and fled on foot into the backyards of the residences on Ohio Street. Detectives Florence and Leathers gave chase and observed Young running with both hands in the front of his waistband. Detective Leathers then observed Young slip and fall while running through the mud. Detective Leathers gave Young loud verbal commands to put his hands behind his back. Young refused to comply. Several other detectives and members of the Kentucky State Police converged to place Young in handcuffs. As detectives brought Young to his feet, they observed a plastic bag containing approximately 61.7 grams of suspected crack cocaine. The bag was located exactly where detectives apprehended Young.

(d) Upon a search incident to arrest, officers located a plastic baggie containing 17.3 grams of suspected marijuana with packaging, approximately 8.6 grams of cocaine with packaging, a digital scale along with plastic baggie corners, and $498 dollars in cash.

(e) The suspected cocaine base and cocaine were sent to the Kentucky State Police Laboratory for forensic testing and tested positive for cocaine base (over 28 grams) and cocaine.

4. The statutory punishment for the sole count in the Indictment is imprisonment for not less than 10 years, nor more than Life imprisonment, a fine of not more than $8,000,000, and a term of supervised release of at least 8 years. The Defendant has a prior drug felony conviction as set forth in the Notice filed by the United States pursuant

to 21 U.S.C.§ 851, and therefore the Defendant is subject to the above enhanced statutory punishment. A mandatory special assessment of $100.00 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

    (a) United States Sentencing Guidelines (U.S.S.G.), November 1, 2016, manual, will determine the Defendant's guidelines range.

    (b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes the facts set forth above in paragraph 3 and the provided discovery materials

    (c) Pursuant to U.S.S.G. § 2D1.1(a)(5), the base offense level is 24 because the amount of cocaine base in the relevant conduct is at least 28 grams but less than 112 grams.

    (d) The parties have agreed to disagree that pursuant to U.S.S.G. § 3C1.2, increase the offense level by 2 levels because the offense involved reckless endangerment during flight and have reserved the right to address this matter at sentencing.

    (e) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant=s timely notice of intent to plead guilty.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

3

7. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K. .

8. The Defendant waives the right to appeal the guilty plea and conviction. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete and sign a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. The Defendant will not encumber, transfer, or dispose of any monies, property, or assets under the Defendant's custody or control without written approval from the United States Attorney's Office. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain

from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

10. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court.

11. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

12. This document and the supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

13. This Agreement does not bind the United States Attorney=s Offices in other districts, or any other federal, state, or local prosecuting authorities.

14. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant=s entry into this Agreement is voluntary.

Date: 7/27/17

By: *[signature]*

CARLTON S. SHIER, IV
ACTING U.S. ATTORNEY

Lauren Bradley
Assistant United States Attorney

Date: 7/27/17

*[signature]*
Tramell Deon Young
Defendant

Date: 7/27/17

*[signature]*
Eddy Thompson
Attorney for Defendant